# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| GEORGE A. BELTRAN, § | | |
| Reg. No. 29768-298, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | EP-18-CV-305-KC |
| § | | |
| UNITED STATES OF AMERICA, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

George A. Beltran, a federal prisoner proceeding pro se and in forma pauperis, alleges violations of his rights in a "Complaint" (ECF No. 1) and a "First Amended Complaint" (ECF No. 38). For the reasons discussed below, the Court will dismiss Beltran's pleadings.

## BACKGROUND

At the time Beltran filed his complaint and first amended complaint, he was a prisoner at the La Tuna Federal Correctional Institution (FCI La Tuna) in Anthony, Texas. He was serving a 120-month sentence, with a five-year term of supervision to follow, for importing cocaine. He was released on July 27, 2019.

In his complaint and first amended complaint, Beltran asserts four distinct claims against multiple defendants—including federal entities, federal employees, and federal prisoners. First, Beltran alleges Drug Treatment Specialist Robert Hernandez discriminated against him based on his race (White) and religion (Santeria); tortuously interfered with his "contract," which allowed him to participate in a Residential Drug Abuse Treatment Program (RDAP); and violated various regulations and Federal Bureau of Prison (BOP) policies. Pl.'s Compl. 9–15, ECF No. 1. In support of his claim, Beltran asserts that after discussing his religion with Hernandez on one occasion, Hernandez gave him "accountabilities" for leaving personal property outside his locker on two consecutive days. *Id.*, at 9–10. These

"accountabilities," Beltran maintains, placed him at risk of losing a transfer to a halfway house for the second phase of RDAP and early release from custody. Second, Beltran claims Education Technicians Apodaca, Avila, and Estrada denied him access to the courts when they took "typing wheels" away from the entire inmate population and prevented all inmates from typing their pleadings. *Id.*, at 16–20. Third, Beltran maintains Hernandez discriminated against him based on his race (white) by granting preferential treatment to prisoners listed in the Central Inmate Monitoring (CIM) system. *Id.*, at 21–22. Consequently, he alleges, these inmates were permitted to stalk, harass, and defame him. Finally, Beltran asserts Nurse Pierce, Dr. Rebauld, Dr. Cardi, and Dr. Davila acted with deliberate indifference to his serious medical needs when they failed to ensure he obtained breast-reduction surgery for his enlarged breasts caused by his treatment for an enlarged prostate with Finasteride. *Id.*, at 23–25. Beltran seeks injunctive relief and "monetary compensation for damages under each statutory claim asserted." First Am. Compl. 36, ECF No. 38.

## APPLICABLE LAW

A prisoner's complaint seeking redress from an officer or employee of a governmental entity is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal if the Court finds the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary damages from a defendant who is immune from such relief. *Id.* A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The United States Magistrate Judge to whom the Court referred this matter screened Beltran's complaint pursuant to 28 U.S.C. § 1915A, as well as 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e. *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). He also received Beltran's testimony during a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and considered Beltran's First Amended Complaint.

The Magistrate Judge recommends that the Court dismiss all of Beltran's first claim as frivolous and for failure to state a claim on which relief may be granted—except for the claim of religious retaliation against Hernandez in his individual capacity. R. & R. 1, 40–42, ECF No. 39. He also recommends—in light of Federal Rules of Civil Procedure 18, 20, and 21—that the Court sever Beltran's remaining claims due to the improper joinder of the parties. *Id*., at 42–44.

Parties have fourteen days from the date of service of a magistrate judge's report and recommendation to make objections. *Id*., at 44. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, a court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The District Clerk sent a copy of the Magistrate Judge's report and recommendation to Beltran at his last known address. It was returned, marked "no longer in custody." PS Form 3811, ECF No. 43. Hence, Beltran failed to keep the Court advised of his current address, and he has not responded to the report and recommendation.

Because Beltran did not file objections, the Court applies a clearly erroneous, abuse of discretion and contrary to law standard of review to the report and recommendation of the Magistrate Judge.

The Magistrate Judge recommends that the Court sever Beltran's second, third, and fourth claims due to the "improper joinder of parties." R. & R. 1, ECF No. 39.

The joinder of defendants is encouraged—so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

In this case, Beltran brings four distinct claims against different defendants. There are insufficient factual occurrences in the four distinct claims to require the defendants to defend jointly. The Magistrate Judge also recommends that the Court permit Beltran to proceed on his allegation of religious retaliation in his first claim. The recommendations of the Magistrate Judge are not clearly erroneous, an abuse of discretion or contrary to law. However, pursuant to Federal Rule of Civil Procedure 21, "a court may exercise its discretion to drop a party from a lawsuit *sua sponte* whose presence no longer [a]ffects the issues being litigated." *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008) (citations omitted). The Court will in the interest of judicial efficiency, therefore, drop the defendants identified in claims two, three, and four from this lawsuit. Beltran may, of course, pursue these claims against these defendants in separate lawsuits.

The Magistrate Judge also recommends that the Court dismiss most, but not all, of Beltran's first claim. Specifically, he recommends that the Court permit Beltran to proceed on his claim that, after discussing his religious beliefs with Hernandez, Hernandez gave him "accountabilities" on two consecutive days for failing to secure his personal property inside his locker. R. & R. 1, ECF No. 39; Pl.'s Compl. 9–10, ECF No. 1. Notably, Beltran does not deny that he left his personal items outside his locker on these occasions. But he suggests that Hernandez retaliated against him by giving him the "accountabilities" based on his religious beliefs.

To sustain a retaliation claim, a plaintiff "must establish: (1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

"[T]he Constitution and other federal laws protect certain basic rights of inmates." *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137 (1977). Inmates clearly retain protections afforded by the First Amendment. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). These protections include its directive that no law shall prohibit the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam ). And "'[t]he First Amendment mandates governmental neutrality between religion and religion. . . . The State may not adopt programs or practices . . . which 'aid or oppose' any religion. . . . This prohibition is absolute.'" *Larson v. Valente*, 456 U.S. 228, 246, 102 S. Ct. 1673, 1684, 72 L. Ed. 2d 33 (1982) (quoting *Zorach v. Clauson*, 343 U.S. 306, 314 (1952)). However, these rights "must give way to the reasonable considerations of penal management." *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132 (1977). As a result, "a prison inmate retains those First

5

Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell*, 417 at 822.

While Beltran retains his First Amendment rights, his exercise of these rights must not be inconsistent with his status as a prisoner. Beltran must accept that the corrections system has a legitimate penological interest in maintaining order and in teaching inmates to follow rules—including rules to properly secure his personal property. Beltran speculates that the religious discussion was the cause of him receiving the "accountabilities"—but this is only speculation. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accepting the facts presented by Beltran as true, it is more likely than not that he received the "accountabilities" only because he failed to properly secure his property. In other words, the discussion of his religious beliefs was not the cause of the "accountabilities." Consequently, the Court finds Beltran has failed to state a claim on which relief can be granted. The Court, therefore, rejects the recommendation of the Magistrate Judge that it should allow Beltran to proceed on his religious retaliation claim as contrary to law.

Beltran requests injunctive relief. An "actual controversy must exist at stages . . . and not simply at the date the action is initiated" in order for a federal court to hear a case. *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974). Transfer of a prisoner out of an institution will often render the prisoner's claims for injunctive relief moot. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding a prisoner's transfer to another prison rendered moot his claims for injunctive relief); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir.1990) (holding a prisoner's eighth amendment claims, including overcrowding and denial of medical treatment claims, were moot since plaintiff had been transferred to another correctional facility and the only remedy the plaintiff sought

was a transfer). To obtain injunctive relief, a prisoner who has been transferred out of an institution "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [the institution] or released and reincarcerated there." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). It is unlikely Beltran will return to FCI La Tuna. The Court will not grant him injunctive relief.

The Court finds that the Magistrate Judge's remaining findings of fact and conclusions of law are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. The Court, therefore, accepts the remaining findings and recommendations.

Additionally, the Court notes that Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss an action for failure to prosecute." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982). A district court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. *Link v. Wabash Railroad*, 370 U.S. 626, 630–33 (1962).

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

Beltran failed to keep the Court informed of his address. Hence, the Court finds his complaint and first amended complaint are subject to dismissal for failure to prosecute.

## CONCLUSION AND ORDERS

Accordingly, for the foregoing reasons, the Court enters the following orders:

7

**IT IS ORDERED** that the "Second Report and Recommendation of the Magistrate Judge" (ECF No. 39) is **ACCEPTED** in part and **REJECTED** in part.

**IT IS FURTHER ORDERED** that the defendants named in Beltran's second, third, and fourth claims in his "Complaint" (ECF No. 1) and "First Amended Complaint" (ECF No. 38) are **DROPPED** from this lawsuit for the improper joinder of parties.

**IT IS FURTHER ORDERED** that Beltran's remaining claims in his "Complaint" (ECF No. 1) and "First Amended Complaint" (ECF No. 38) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted and failure to prosecute.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 18th day of October, 2019.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE